OF THE STATE OF ARKANSAS. 699

TERM, 1856.]      Cloud as School Commissioner vs. Danley et al.

## CLOUD AS SCHOOL COMMISSIONER VS. DANLEY ET AL.

Since the passage of the act of 11th January, 1853, in relation to common schools, the Trustees of Common Schools, and not the county commissioner, are proper parties to bring suits on notes given for the purchase of the sixteenth section.

*Appeal from the Circuit Court of Pulaski County.*

Hon. WILLIAM H. FEILD, Circuit Judge.

CLENDENIN, Attorney General, for the appellant.

CUMMINS and JORDAN, contra.

Hon. THOMAS JOHNSON, Special Judge, delivered the opinion of the Court.

The appellant has assigned for error, generally, that the court below sustained the demurrer interposed by the appellees. Several causes of demurrer were assigned; but the only one which it is considered material to decide, is whether the appellant was entitled to maintain the suit in his capacity of school commissioner of Saline county. The instrument in suit was executed under the authority of the 11*th sec. of chap.* 145 *of the Digest*, and was made payable to Philip Link, successor to Robert Calvert, or his successors in office. The suit was brought by Madison M. Cloud, as commissioner of schools of Saline county; and he avers, in his declaration, that he is the successor in office of the said Philip Link, as commissioner of schools in Saline county, Arkansas; and that, as such, he is of right entitled to bring suit on said writing obligatory, &c. The point to be determined will depend upon the

700    CASES IN THE SUPREME COURT

Cloud as School Commissioner vs. Danley et al.    [JANUARY

construction which shall be put upon the several acts of the Legislature, bearing upon the subject of the school lands. The 12th *sec. of chap.* 145 *of the Digest*, already referred to, requires the bond for the purchase money to be drawn in favor of the commissioner of the township, as such, and his successors in office. The same act authorizes and requires the election of one township commissioner and three school trustees for each township, and they are given the collection and control of all funds arising from the sale of the 16th sections in the several townships, and such other funds as are excepted by the act out of those placed under the control of the board of county commissioners. The 24th *sec. of the act of* 1850, enacts : "That the offices of school trustees and commissioners, provided for by existing laws, be, and the same are hereby abolished, and that the commissioners required to be elected or appointed under the provisions of this act, shall hereafter perform all the duties heretofore required of such trustees and commissioners, as may not be inconsistent with this act." Here, then, the offices of school trustees and commissioners, provided for by the 145th *chap. of the Digest*, are abolished, and the township commissioner provided for by the act of 1850–1851, is substituted in their stead, so far as is consistent with that act. There is nothing in this act that can militate against his power to collect the purchase money of the sixteenth section ; but, on the contrary, it is expressly conferred upon him by the 29th *sec.* This section provides : "That under the order and direction of the County Courts of the several counties of this State, it shall be the duty of the commissioner of schools, or treasurers of said counties, as the case may be, to institute and prosecute to final judgment, all suits necessary for the collection of any moneys which may be due to any congressional township in their respective counties for the use of schools there; and it shall be the duty of the prosecuting attorney to conduct said suit free of charges. The act of January 12th, 1853, (see *Pamphlet Acts of* 1852,) *secs.* 39 and 40, provide that : "The trustees of common schools, elected as aforesaid, shall be successors to the township commission-

ers elected under the provisions of an act to amend the common school system in this State, approved January 11th, 1851," and that "all rights of property, rights of causes of action, existing or vested in the township commissioners as aforesaid, for the use of schools in said townships, shall vest in the trustees under this act as their successors, in as full and complete a manner as was vested in said commissioners appointed or elected as aforesaid." These sections have reference to the 31st section of the same act, which provides for the election of three trustees of schools for each township, in each congressional township in the State. This section declares that they shall be a body politic by the name and style of the "trustees of schools of township No.— and range No.—" and that "the said corporation shall have perpetual existence, and shall have power to sue and be sued, to plead and be impleaded, in all courts and places where judicial proceedings are had in this State," &c. This is the last act that was past anterior to the commencement of this suit; and, consequently, it is the one that must govern as to the proper party to institute the same. Under this view it is clear that trustees of common schools, elected under the act of January 11th, 1853, and not the township commissioner, were entitled to institute this suit. The Circuit Court therefore did not err in sustaining the demurrer; and, consequently, its judgment ought to be, and is in all things affirmed.

Mr. Chief Justice ENGLISH not sitting in the cause.