OF THE STATE OF ARKANSAS. 445

Term, 1860.]                State use Kelly vs. May et al.

## State use Kelly vs. May et al.

Where an averment in the declaration is traversed by plea, and issue joined, it is error in the court below to exclude evidence tending to establish the averment in the declaration.

If on the case presented by the declaration the defendant denies a legal liability, the proper mode of presenting that point is by demurrer, and not by motion to exclude testimony.

Where a Common School Commissioner, as such, has received the Common School fund belonging to the several townships in his county—there having been no trustees elected or appointed for the township—he cannot avoid responsibility to his successor, on the ground that the funds in his hands do not belong to the Commissioner.

*Appeal from Union Circuit Court.*

Hon. L. B. Green, Circuit Judge.

Lyon, for the appellant.

1st. The appellant has, by proper and necessary averments in his declaration, set forth such a state of case as under the law gives him a right of action against appellees.

2d. Every allegation in the declaration necessary to be proved, in order to a recovery, was in proof before the jury.

3d. J. L. May, as Commissioner, is bound by the condition of his bond here in suit, and by the 31st section of chapter 154 of Gould's Digest, to turn over to his successor in office the funds here claimed : because the allegations in appellant's declaration, and the proof adduced in the court below, show that May. as Commissioner, while in office, had these funds subject to his control or disposition, and refused to turn over the same on demand to his successor, who is shown to be the appellant.

446          CASES IN THE SUPREME COURT

State use Kelly vs. May et al.          [October

4th. The out-going Commissioner has no right to recognize any one but his successor in office as legally authorized to demand and receive whatever belongs to the office of Commissioner, or subject to the control or disposition of Commissioner: because Commissioner in office is the legally constituted person to render an account of dues to Townships, and turn over the same to the proper officer on demand.   This the Commissioner could not do, unless the law enable him to obtain from others what may be rightfully the funds, etc., belonging to Townships.

CARLETON, for the appellees.

The amounts proven were shown to belong to the Township, not to the county fund; there was no proof that Kelly was elected to act as Trustee ; and the right of action lay in the Township Trustees respectively for their respective shares.   *Tatum vs. Tatum*, 19 *Ark.* 194 ; *Cloud vs. Danley, et al.*, 16 *Ark.* 701 ; *sec.* 32, *chap.* 154, *Gould's Dig.* 991.   May was not liable to his successor in office as Common School Commissioner of the county, for funds belonging to the Townships.

The evidence showing a liability to the Trustees for the respective Townships but not to plaintiff, was properly excluded by the court below.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Previous to April, 1857, May had been the Common School Commissioner of Union county, and as such, had received moneys belonging to several different townships in the county, which was shown by entries made by himself in a book kept by him as Commissioner.   It was also proved, that May admitted that he held the amounts so entered as belonging to the different townships, and that he had not turned them over to his successor in office.   Kelly proved that he was the successor of May in the office of Common School Commissioner, and that he had demanded of May the amounts in his hands as Commissioner, and that there were no trustees of any of the townships, either

elected or appointed by the Commissioner upon petition of a majority of the householders of a township, no election having been held or petition made for such trustees. These facts were distinctly proved at the trial, and were proofs of what was alleged in the declaration.

The action was against May, and his securities upon his official bond, as Common School Commissioner of Union county, and was to recover moneys belonging to several townships, which May had received as Commissioner of the county, and which he refused to pay over to the plaintiff below, his successor in office. The facts alleged, and the facts proven were of the same nature, and were identical, except in the particular sums belonging to the different townships, as to which, it was only important that the averments in the declaration should be large enough to cover the amounts shown by the evidence. The plaintiff below having fully established his case, and the defendants adducing no evidence, the court yet excluded from the jury all the testimony, leaving to them a charge made by the plaintiff against May, with nothing to support it, whence they necessarily found against the plaintiff.

The court erred in the exclusion of the evidence. Nothing was proved but what had been proclaimed by the declaration would be proved, and if the defendants wished to question the sufficiency of the facts for a judgment, they should have done so by demurrer to the declaration, and should not have been allowed to await the testimony, and if it turned out to be a losing adventure with them to have so waited, to obtain the same result, by excluding the testimony, that they could have obtained by presenting the legal point fairly made in the declaration, that May having funds in his hands as Common School Commissioner belonging to different townships in the county, was liable for not delivering them to his successor in office. When the declaration had been pleaded to, and evidence of a legal character introduced that fully supported it, the case made was for the jury, and the court exceeded its powers in withdrawing the trial from the proper tribunal.

But the ground upon which the action of the court is defended here, and which we suppose to have been the reason for ruling out the plaintiff's evidence, we consider to be unsubstantial, an unsound construction of our school law. Several of the townships in Union county, as disclosed in the proof, had realized funds, arising doubtless from a sale of their sixteenth sections, and from the loan of money so arising. If there had been township trustees, these funds would have been subject to their direction, would have been in the keeping of the township treasurer, one of their number, under their control. *Gould's Dig.*, chap. 154, *see.* 40, 42, 43, 44, 65. But it was specially alleged in the declaration, and shown in evidence, that the townships had made no election of trustees, and that they had not availed themselves of the legal right given in the 38th section of the same chapter, to have trustees appointed by the Common School Commissioner of the county. This was an expression on the part of the householders of these townships, that they preferred that the Common School Commissioner should discharge the duties of trustees of the townships with relation to the school funds of the several townships. *Section* 61 *of the same chapter.*

This we think to be the manifest meaning of the law; a construction that should have been applied to this case, if the declaration had been met by demurrer, as disclosing no right of action in the plaintiff. But it was specially inappropriate for May to try to avoid responsibility to his successor, on the ground that the funds in question did not belong to the Commissioner, when his own entries, from a book kept by himself, as Commissioner, showed that the money belonging to the townships was in his hands as Common School Commissioner of Union county. Under the 31st section of the chapter quoted from, he had no excuse for not turning over to his successor the funds which never would have been in his own hands, but for his being Commissioner.

There is no inconsistency between our construction of the

statute and the cases of *Cloud vs. Danley*, 16 *Ark.* 699, and *Tatum vs. Tatum*, 19 *Ark.* 199.

The defense in this case, as made below, and maintained here, is without legal merit and against conscience, and if judgment had been given below against the defendants, and they had appealed, we should have inflicted damages upon May for a vexatious appeal, but as the case stands, let the judgment of the Circuit Court of Union county be reversed, with instructions to grant the new trial moved for by the plaintiff, and to proceed in the case according to law.